**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIANA CALZADA MORENO (A No. 241-158-285),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-04117-JLT-SAB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Mariana Calzada Moreno is a federal immigration detainee who is proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen and national of Mexico who entered the United States on or around November 21, 2023, where she was encountered by U.S. Customs and Border Protection. (*See* Doc. 1 at 6, 22–24.) The Department of Homeland Security subsequently issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(7)(A)(i)(I) and released her on parole. (*Id*. at 24–29.) On October 30, 2024, Petitioner filed an Application for Asylum and

Withholding of Removal, which appears to be pending with the immigration court.[1] (*See id*. at 9–17.) Petitioner also applied for work authorization, which was granted on or around February 2025, and appeared to be valid until November 2025. (*See id*. at 30.) On April 21, 2026, Petitioner was taken into ICE custody. (*Id*. at 4; Doc. 9-2 at 1.) Petitioner was then transferred from West Valley City, Utah to the California City Detention Facility in California, where she remains.[2] (*See* Doc. 1 at 1, 5; Doc. 9-2 at 1.) On May 29, 2026, Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) On June 22, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 9 at 2.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that her ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated her rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) of the INA and therefore categorically

---

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's case remains pending and there is no order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 2, 2026).

[2] Petitioner initially filed a petition for writ of habeas corpus with the U.S. District Court, Central District of Utah, but as Petitioner indicates, that case was voluntarily dismissed without prejudice on or around April 30, 2026. (Doc. 1 at 5); *see Calzada Moreno v. Tjaden et al.*, No. 2:26-cv-00336-HCN (HC), Dkt. No. 10 (D. Utah Apr. 30, 2026).

ineligible for a bond hearing. (*See* Doc. 9 at 2.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

**IV.    CONCLUSION AND ORDER**

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

3.    The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

5.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    July 2, 2026

_____
UNITED STATES DISTRICT JUDGE